IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON


GENE EDWARD MALLER,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Crim. No. 98-007-HA
Civil No. 04-1053-HA

ORDER

HAGGERTY, Chief Judge:

    Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28

U.S.C. § 2255 on July 28, 2004 (CR 98-007-HA, Doc. #41). Petitioner alleges that his

1 - ORDER

sentence violates the United States Constitution and the rule of law announced in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Blakely*, the Supreme Court reaffirmed the *Apprendi* rule that "'[o]ther than the fact of conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Blakely*, 124 S. Ct. at 2536 (quoting *Apprendi*, 530 U.S. at 490). For the following reasons, the petition is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 1998, petitioner pled guilty to one count of unarmed bank robbery. Petitioner stipulated that he had four prior state felony convictions for first degree burglary, which are crimes of violence as defined in U.S.S.G. § 4B1.2. Petitioner stipulated that he was a career offender.

Petitioner's sentencing hearing was held on January 11, 1999. Although petitioner objected to some information in the presentence report, petitioner did not challenge the guideline calculations and did not deny that he was a career offender.

Petitioner was found to be a career offender and was granted an unopposed one-level departure for extraordinary acceptance of responsibility. He received a sentence of 140 months' imprisonment.

Under the terms of his plea agreement, petitioner waived his right to file an appeal. Nevertheless, he filed a notice of appeal, but later dismissed the appeal voluntarily.

Petitioner now pursues this § 2255 motion. The court has considered all of the

supplemental briefs submitted by petitioner, the responses filed by the government, and the Record of this case. An evidentiary hearing in this matter is unnecessary.

**<u>ANALYSIS</u>**

In his supplemental briefing, petitioner argues that his sentence violates the rule recognized in *Apprendi,* as recently articulated by the Supreme Court in *Blakely*, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court held that the relevant "statutory maximum" for *Apprendi* purposes is generally the sentencing guideline maximum, because that is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 124 S. Ct. at 2537 (emphasis in original).

This interpretation of *Apprendi* announced a new rule that was neither compelled by existing precedent nor apparent to all reasonable jurists. *Morris v. United States*, 333 F. Supp. 2d 759, 770 (C.D. Ill. 2004). "In fact, before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum." *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir. 2004) (citations omitted); *see also United States v. Alvarez,* 358 F.3d 1194, 1211-12 (9th Cir. 2004).

It is undisputed that petitioner's sentence became final before *Blakely* was decided. The Ninth Circuit held recently that "the Supreme Court has not made *Blakely* retroactive to cases on collateral review." *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir.

3 - ORDER

2005) (quoting *Cook v. United States*, 386 F.3d 949, 950 (9th Cir.2004). Moreover, the statute of limitations for these kinds of petitions is one year from the latest of (1) the date the judgment of conviction becomes final; (2) the date an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which the right the petitioner is asserting was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the petitioner's claim could have been discovered through the exercise of due diligence. *See generally* 28 U.S.C. § 2255.

In this case, petitioner's judgment of conviction became final not later than June 1, 1999, when the mandate following petitioner's voluntary dismissal of his appeal was issued. No government-created impediment to filing is asserted by petitioner. There are no newly discovered facts asserted by petitioner. There are no new rights recognized by the Supreme Court that are applicable retroactively, as discussed above. Accordingly, because petitioner's sentence was not illegal at the time it was imposed and because *Blakely* does not apply retroactively, petitioner is time-barred from appealing his sentence under § 2255 on the arguments he now asserts.

Moreover, petitioner here admitted the facts that rendered him vulnerable to being sentenced as a career offender. He acknowledged his status as a career offender and admitted his prior convictions in his written plea agreement and at his change of plea hearing. *See* Ex. A to Government's Supplemental Response. His petition, therefore, is without merit.

**CONCLUSION**

For the foregoing reasons, petitioner Gene Edward Maller's petition (Doc. #41) is DENIED.

IT IS SO ORDERED.

DATED this __12__ day of April, 2005.

　　　　　　　　　　　　　　　　　　_____/S/Ancer L.Haggerty_____
　　　　　　　　　　　　　　　　　　　　　Ancer L. Haggerty
　　　　　　　　　　　　　　　　　　　　United States District Judge